# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ISRINGHAUSEN IMPORTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 10-CV-3253 |
| NISSAN NORTH AMERICA, INC., et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Nissan North America, Inc.'s (Nissan) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 16). Plaintiff Isringhausen Imports, Inc. (Isringhausen), asserts federal claims against Nissan for copyright infringement, trademark infringement and dilution, and unfair competition; and several supplemental state law claims. <u>Corrected Complaint for Trademark Infringement, Unfair Competition, Trademark Dilution, Illinois Anti-Dilution Act, Deceptive Trade Practices and the Illinois Consumer Fraud and Deceptive Business Practices Act (d/e 13) (Complaint)</u>. The Motion is fully briefed, and pursuant to Local Rule 72.1, the matter has been referred to this Court for a Report and Recommendation. Nissan requests oral argument on the

Motion. The parties have fully briefed the matter so oral argument is not necessary. The request is, therefore, denied. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion be ALLOWED in part and DENIED in part.

## STATEMENT OF FACTS

Isringhausen is an Illinois corporation with its principal place of business in Springfield, Illinois. The Complaint alleges that Isringhausen is one of the nation's leading authorized dealers of new and pre-owned Mercedes-Benz, BMW, and Porshe automobiles. In addition to the new car brands of Mercedes-Benz, BMW, and Porshe, Isringhausen sells other pre-owned luxury vehicles. Nissan is a California corporation registered and authorized as a foreign corporation in Illinois. Nissan is affiliated with Nissan Motor Corp, Ltd., Nissan Design America , Inc., and Nissan Jidosha Kaisha Trading as Nissan Motor Co., Ltd (collectively the "Affiliated Companies"). Nissan and the Affiliated Companies manufacture and sell automobiles including Infiniti brand vehicles and other brands.[1]

---

[1] The Complaint also names the Affiliated Companies as Defendants. Complaint, ¶¶ 4-6. Isringhausen, however, only secured a summons for Nissan, and only Nissan has entered an appearance in the case. Summons (d/e 2); Notice of Appearance (d/e 3).

Isringhausen sells pre-owned vehicles manufactured and sold by Nissan and the Affiliated Companies, including pre-owned Infiniti automobiles.

Isringhausen sells new and pre-owned automobiles throughout the United States and Europe.  Isringhausen also offers repair, maintenance, resale, and nationwide delivery services for its automobiles, as well as related merchandising nationally.  Isringhausen's sales exceed $90,000,000.00 annually in the United States and Europe.

Isringhausen alleges that it has continuously offered and sold automobiles and other goods and services using a design or mark (Isringhausen Design) depicted in the Complaint.  Complaint, ¶ 9.  The Isringhausen Design consists of two curved lines designed to represent an automobile.  Isringhausen alleges that the Isringhausen Design is now famous.  Id.

Isringhausen has registered the Isringhausen Design with the U.S. Copyright Office, receiving Registration No. Vau 1-038-063 (Copyright).  The Certificate of Registration states that the copyrighted works consists of "photograph(s), 2-D artwork."  Complaint, Exhibit A, Certificate of Registration.  The document deposited with the Copyright Office consists of a postcard that contains photographs and the Isringhausen Design with the words "ISRINGHAUSEN IMPORTS" in all capital letters directly underneath Isringhausen Design.  Nissan North America, Inc.'s Memorandum of Law in

Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 17) (Nissan Memorandum), at 4.

Isringhausen also has registered a trademark with the United States Patent and Trademark Office (PTO), receiving Registration Number 1,901,041 on June 20, 1995 (U.S. Registration). The document submitted to the PTO contains the Isringhausen Design with the name "ISRINGHAUSEN," in all capital letters, directly underneath. Complaint, Exhibit B, Certificate of Registration. Isringhausen has also registered a trademark with the Illinois Secretary of State, Trademark Division of the Department of Business Services on April 22, 1994 (registration no. 092418), and June 20, 1995 (registration number 1,901,041). The documents submitted to the Secretary of State's Office contain a round seal with the words, "Priority Service" and "Preferred Customer" around the edge of the seal. In the center of the seal is the numeral "1", the Isringhausen Design, and the words "ISRINGHAUSEN" and "PRIORITY." Complaint, Exhibit C, Certificate of Renewal. Isringhausen alleges that the U.S. Registration has become incontestable. Complaint, ¶ 10.

Isringhausen alleges that it uses the Isringhausen Design extensively in its marketing, including print advertising, direct marketing, and Internet-based marketing. Isringhausen also places the Isringhausen Design on

signs at its principal location and on semi-tractor trailers that it uses to deliver vehicles nationally.

Isringhausen alleges that it has a reputation for superior service that is well-known throughout the automotive industry. Isringhausen alleges that its service is always offered under the Isringhausen Design. Isringhausen alleges that as a result, the Isringhausen Design has become famous and has become an important part of the goodwill of the company. Complaint, ¶¶ 13-18.

Isringhausen alleges that:

> Defendants' Infiniti automobiles and ancillary services and merchandise compete directly with Isringhausen's BMW, Mercedes, and Porshe and other brand name luxury automobiles services and ancillary services and merchandise, and are sold via the same trade channels, to the same customers and in the same localities throughout the United States and in Europe.

Complaint, ¶ 19. Isringhausen alleges that Nissan is using designs in its advertising (Nissan Designs) that are "highly similar, if not nearly identical" to the Isringhausen Design. Complaint, ¶ 20. Examples of the Nissan Designs are depicted in the Complaint. Complaint, ¶¶ 20, 23. Nissan describes the Nissan Designs as brush strokes, or gestures, that represent the silhouettes of automobiles. Nissan Memorandum, at 1.

Isringhausen alleges that the Nissan Designs are so similar to the Isringhausen Design that they are likely to confuse the public as to source,

quality and sponsorship, as well as to dilute the distinctiveness of the Isringhausen Design. Complaint, ¶ 21. Isringhausen also alleges that the Nissan Designs are so close to the Isringhausen Design that Nissan and the Affiliated Companies must have copied them from the Isringhausen Design. Complaint, ¶ 22.

Based on these allegations, Isringhausen alleges claims for: Trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1) (Count I); Unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count II); Trademark dilution under Lanham Act, 15, U.S.C. § 1125(c) (Count III); Copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501(a)(1) and 602(a) (Count IV); Trademark dilution under the Illinois Anti-Dilution Act, 765 ILCS 1036/65 et seq. (Count V); Common law unfair competition under Illinois law (Count VI); Trademark infringement under Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60 (Count VII); Unfair competition under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 (Count VIII); and Unfair and deceptive practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count IX). Nissan now moves to dismiss all these claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

ANALYSIS

I.   FEDERAL CLAIMS

Isringhausen states a claim for Lanham Act violations in Counts I, II and III. To state a Lanham Act claim for either trademark infringement or unfair competition, Isringhausen must allege that its mark is protectable, and that Nissan's use of the mark is likely to cause confusion among consumers. Packman v. Chicago Tribune Co., 267 F.3d 628, 638 (7th Cir. 2001); 15 U.S.C. §§ 1114 & 1125(a).[2] Isringhausen has alleged these elements. It has alleged that the Isringhausen Design is a registered trademark that is incontestable. If so, the Isringhausen Design is protectable. 15 U.S.C. § 1065; see Jay Franco & Sons, Inc. v. Franek, 615 F.3d 855, 857 (7th Cir. 2010). Isringhausen also alleges that the Nissan Designs are so similar to the Isringhausen Design that they are likely to cause confusion among consumers. Isringhausen states a claim in Counts I and II.

To state a Lanham Act claim for trademark dilution, Isringhausen must allege that the Isringhausen Design is famous, that Nissan infringed upon the Isringhausen Design after the mark became famous, that the infringement diluted the mark, and Nissan makes commercial use of the

---

[2] The elements of unfair competition are identical to the trademark infringement elements in this case because the unfair competition claim is based on Nissan's alleged infringement of the Isringhausen trademark. See Packman, 267 F.3d at 638.

mark in commerce. AM General Corp. v DaimlerChrysler Corp., 311 F.3d 796, 811 (7th Cir. 2002); 15 U.S.C. § 1125(c)(1). Isringhausen has alleged these elements. It has alleged that the Isringhausen Design is famous, Nissan infringed on this famous mark, the infringement diluted the mark, and Nissan infringed on the mark in commerce in the marketing of Infiniti automobiles and related goods and services. Isringhausen states a claim.

Isringhausen also states a claim for copyright infringement in Count IV. To state a claim for copyright infringement, Isringhausen must allege that it owned a valid copyright and Nissan copied constituent elements of the copyrighted work that are original. Feist Publications, Inc., v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991); Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 507 (7th Cir. 1994). Isringhausen has alleged these elements. It has alleged that it owned a valid copyright to the Isringhausen Design and Nissan copied the original artwork from the copyrighted material. Isringhausen states a claim.

Nissan complains that Isringhausen does not differentiate between Nissan and the Affiliated Companies listed in the Complaint. Rather, Isringhausen refers to Nissan and the Affiliated Companies collectively as Defendants throughout most of the Complaint. Nissan argues that Isringhausen must separately allege that acts done by each of the companies. Nissan relies on the decision in Specht v. Google, Inc., 660

F.Supp.2d 858, 863-64 (N.D.Ill. 2009). In Specht, the plaintiff made allegations against the defendants collectively for trademark infringement and unfair competition. The district court in Specht stated that the plaintiff had to allege separately the wrongful conduct of each defendant. The collective allegations did not give each defendant notice of the claim against it. Specht, 660 F.Supp.2d at 865.

In Specht, however, the defendants were forty-seven separate businesses that were part of an association, but were not otherwise related. Each of the forty-seven businesses independently produced, marketed, and sold different products. Id., at 862, 865. Under those circumstances, the plaintiff needed to address each defendant separately in his complaint. Id. In this case, Isringhausen alleges that Nissan is interrelated with the Affiliated Companies and that these interrelated business entities work together to manufacture and market the same products and services. In this context, the collective allegations are sufficient to put Nissan on notice of the claim because Isringhausen alleges that Nissan and the Affiliated Companies act together for a common purpose.

Nissan next argues that Isringhausen fails to plead any protectable intellectual property interest. Nissan argues that Isringhausen's protectable intellectual property includes additional elements besides the Isringhausen

Design.  Nissan argues that Isringhausen's registered copyright includes photographs and the words "ISRINGHAUSEN IMPORTS," and that the registered trademark includes "ISRINGHAUSEN," and "1 ISRINGHAUSEN PRIORITY."  Thus, Nissan argues that Isringhausen fails to state a claim for any misuse of Isringhausen's intellectual property because the Complaint does not allege that Nissan used any of these additional elements.

The Court disagrees.  Isringhausen does not need to allege that Nissan used each and every element of a copyrighted work or trademark.  To state a claim copyright infringement, Isringhausen needs to allege that Nissan copied constituent elements of the copyrighted work that are original.  Feist Publications, Inc., 499 U.S. at 361.  Isringhausen has done that; Isringhausen has alleged that the Isringhausen Design is a constituent element of the copyrighted work that is original and that Nissan copied that design.  To state trademark and unfair competition claims, Isringhausen must allege that the Nissan Designs are similar to enough of Isringhausen's trademark that the Nissan Designs are likely to confuse consumers.  See Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 30-31 (1900).  Isringhausen has done that; Isringhausen has alleged the Isringhausen Design is an important element of its registered trademark

and that the Nissan Designs are likely to confuse consumers because the Nissan Designs are so similar to the Isringhausen Design.

Nissan argues that Isringhausen's Complaint runs afoul of the anti-dissection rule. That rule states that trademarks and constituent parts of copyrighted works should be viewed in their entirety and analyzed by the overall impression that they create. <u>AutoZone v. Strick</u>, 543 F.3d 923, 931 (7th Cir. 2008). The anti-dissection rule only addresses how to analyze the similarities between the Nissan Designs and Isringhausen's protected intellectual property; the rule does not resolve the factual question of their similarity. When viewed in that light, and favorably to Isringhausen, which is required at this stage of the proceedings, the Nissan Designs are sufficiently similar to Isringhausen's trademark and to constituent parts of Isringhausen's copyrighted work to state a claim. Nissan's motion to dismiss the federal claims should be denied.

II. <u>STATE CLAIMS</u>

Nissan initially challenges the state law claims, Counts V-IX, on the same two bases that it challenges the federal claims: (1) the Complaint improperly refers to Nissan and the Affiliated Companies collectively as the Defendants; and (2) the Complaint fails to allege a protectable intellectual property interest in the Isringhausen Design. The Court should reject these arguments for the same reasons as set forth above.

Nissan makes two additional arguments for dismissal of the state law claims: (1) Isringhausen cannot bring its Count V claim under the Illinois Anti-Dilution Act, 765 ILCS 1036/65, against a competitor such as Nissan; and (2) all of the state law claims are preempted by the exclusivity provision of the Copyright Act, 17 U.S.C. § 301(a). The Court agrees that Isringhausen has no claim under the Anti-Dilution Act as alleged in Count V, but the Copyright Act does not preempt the remaining state law claims in Counts VI-IX under the facts alleged in the Complaint.

A. Count V Illinois Anti-Dilution Act

Isringhausen may not bring a claim under the Illinois Anti-Dilution Act against a direct competitor such as Nissan. AHP Subsidiary Holding Co. v. Stuart Hale Co., 1 F.3d 611, 619 (7th Cir. 1993). Isringhausen argues that the words of the Illinois Anti-Dilution Act do not support this conclusion. The Seventh Circuit, however, held in AHP that such a claim cannot be maintained against a competitor. This Court must follow the Seventh Circuit. See Decor Grates, Inc. v. Fararo, 1994 WL 532023, at *3-4 (N.D.Ill. 1994) (district court must follow Seventh Circuit, and so, relief is unavailable against competitors).

Isringhausen argues that in its Memorandum it does not compete against Nissan directly. Isringhausen Imports, Inc.'s Response to Nissan North America, Inc.'s motion to Dismiss Purauant to Fed. R. Civ. P.

12(b)(6) (d/e 20), at 12. Isringhausen, however, alleges in paragraph 19 of the Complaint, quoted above, that Nissan is in direct competition with the automobiles, services, and merchandise sold by Isringhausen. Given this allegation, the Court must view the parties as competitors. Isringhausen, therefore, cannot maintain an action against Nissan under the Illinois Anti-Dilution Act based on the current allegations. Count V should be dismissed.

    B.    Preemption

The Copyright Act governs exclusively all rights and remedies related to copyright protection. 17 U.S.C. § 301(a). Section 301(a), thus, preempts all state law claims that would otherwise vindicate or enforce rights that are within the scope of copyright protection. Baltimore Orioles, Inc. v. Major League Baseball Players Association, 805 F.2d 663, 674 (7th Cir. 1986). Isringhausen's state law claims are preempted if Isringhausen is attempting to use the state law claim to vindicate rights protected by federal copyright law. Toney v. L'Oreal USA, Inc., 406 F.3d 905, 909-10 (7th Cir. 2005).

This Court must apply a two-part test to determine whether a plaintiff is attempting to assert a state law claim to vindicate a right protected by federal copyright law. The state law claim is preempted if two conditions exist: (1) the work in which the right is asserted must be fixed in a tangible

form and come within the subject matter as defined in § 102 of the Copyright Act; and (2) the right asserted must be equivalent to the rights protected by § 106 of the Copyright Act. Baltimore Orioles, Inc., 805 F.2d at 674. The Seventh Circuit explained the test for determining whether a right is equivalent to the rights under § 106:

> A right under state law is "equivalent" to one of the rights within the general scope of copyright if it is violated by the exercise of any of the rights set forth in § 106. That section grants the owner of a copyright the exclusive rights to reproduce (whether in original or derivative form), distribute, perform, and display the copyrighted work. Thus, a right is equivalent to one of the rights comprised by a copyright if it "is infringed by the mere act of reproduction, performance, distribution or display."

Baltimore Orioles, 805 F.2d at 676-77 (quoting M. Nimmer, Nimmer on Copyright, § 1.01[B][1] (1985)) (citations and footnotes omitted). In applying this test, the Court must look to the specific facts of the case and each claim asserted. Stephen & Hayes Construction, Inc. v. Meadowbrook Homes, Inc., 988 F.Supp. 1194, 1198-99 (N.D.Ill. 1998). The Isringhausen Design is fixed in a tangible form and comes within § 102 of the Copyright Act. Neither party disputes this. The issue is whether the state law claims asserted by Isringhausen are equivalent to the rights within the scope of § 106 of the Copyright Act. Under the facts and circumstances alleged in the Complaint, the rights asserted in Isringhausen's state law claims are

not equivalent to the rights within the scope of § 106, and so, are not preempted.

### 1. Count VII Illinois Trademark Infringement Claim

The Illinois trademark infringement claim in Count VII is intended to protect the interests protected by the trademark infringement provisions of the Lanham Act, not the Copyright Act. Isringhausen's allegations in Count VII closely track the allegations in its Lanham Act claim for the trademark infringement claim in Count I. Compare Complaint, ¶¶ 25 and 26 with 57 and 58. Moreover, the Illinois Trademark Registration and Protection Act is intended to be consistent with federal trademark law and the construction of the federal trademark law is persuasive authority for interpreting the Illinois Act. 765 ILCS 1036/90.

The interests at stake in trademark infringement claims are qualitatively different from those at stake in copyright infringement claims. The Copyright Act encourages authors to produce creative works for the public good by granting authors monopolies in their creative work for a limited time period. See Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 546 (1985). Thus, copying and reproducing the work alone can constitute copyright infringement. The Lanham Act protects a business's investment in a trademark as a means to communicate information to consumers about the quality goods and

services offered by the business. See Kohler Co. v. Moen Incorporated, 12 F.3d 632, 638, 643-44 (7th Cir. 1993) (Lanham Act protects the goodwill of the business and consumers' ability to distinguish among competitors). The holder of a trademark, therefore, is not given a monopoly on the use of his mark, and trademark infringement requires proof of more than copying. Trademark infringement requires proof that the alleged use of the protected mark will cause confusion by interfering with the information that the mark is designed to communicate to consumers in the marketplace. Id. Others may use the mark as long as the use does not interfere with the trademark holder's use of the mark as a means to distinguish its business in the marketplace. Id., at 637-38. The trademark infringement claim in Count VII, therefore, is designed to vindicate rights that are qualitatively different from those protected by copyright law. Count VII is not preempted.

    2.  Counts VI, VIII, and IX State Unfair Competition and Deceptive Practices Claims

The unfair competition and deceptive claims asserted in Counts VI, VIII, and IX also are not preempted. The preemption of such claims turns on the factual nature of the claims. Some unfair competition and deceptive practices claims involve "passing off" in which the defendant is accused of selling the defendant's goods and services under the plaintiff's mark. Other cases involve "reverse passing off" in which the defendant is accused of

selling the plaintiff's goods and services as the defendant's own. FASA Corp. v. Playmates Toys, Inc., 869 F.Supp. 1334, 1362-63 (N.D.Ill. 1994) (citing Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1203 (7th Cir. 1990)); see 1-1 Nimmer on Copyright § 1.01[B][1][e] (2010). Claims based on passing off are generally not preempted by the Copyright Act, while reverse passing off claims are preempted if the goods at issue are copyrighted. FASA Corp., 869 F.Supp. at 1362.

The reason is clear. Reverse passing off involves appropriating, or copying, copyrighted material and claiming it as one's own. E.g., Balsamo/Olson Group, Inc., v. Bradley Place Limited Partnership, 950 F.Supp. 896 (C.D.Ill. 1997) (using copyrighted architectural plans to reproduce and sell buildings designed by the holder of the copyright); Kluber Skahan & Associates, Inc. v. Cordogen, Clark & Assoc., Inc., 2009 WL 466812 (N.D.Ill. 2009) (same); FASA Corp., 869 F.Supp. at 1362-63 (using copyrighted toy designs to sell copies of protected toys); Natkin v. Winfrey, 111 F.Supp.2d 1003, 1114 (N.D.Ill. 2000) (publishing copyrighted photographs without proper attribution to the photographer who held the copyright). The defendant in these cases is accused of reaping the benefit of the creative work protected by the copyright. Protecting the author's right to the benefit of the creative work is qualitatively the same as the interests that the Copyright Act seeks to protect.

Passing off involves misleading consumers to believe that the defendant's goods and services are associated with the name or mark of another.  E.g., Raffoler, Ltd. v. Peabody & Wright, Ltd., 671 F.Supp. 947 (E.D.N.Y. 1987) (infringing on advertising to pass off the infringer's products as those sold by the plaintiff).  The defendant is accused of confusing and deceiving consumers in order to benefit from the plaintiff's reputation and goodwill rather than selling copies of the creative work protected by the copyright.  The additional element of deception is central to these claims and distinguishes them from copyright claims, and so, allows them to avoid preemption.  See 1-1 Nimmer on Copyright § 1.01[B][1][e].

The claims alleged in Counts VI, VIII, and IX are passing off claims, and so, are not preempted.  Isringhausen alleges that Nissan manufactures and sells its own automobiles and related services and merchandise, but Nissan uses the Isringhausen Design to confuse consumers into associating Nissan's products and services with Isringhausen's alleged standards for superior quality and service.  Nissan is therefore allegedly attempting to trade on Isringhausen's goodwill and reputation.  Such claims of passing off are not preempted.

WHEREFORE, this Court recommends that Defendant Nissan North America, Inc.'s (Nissan) Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(6) (d/e 16) should be ALLOWED in part and DENIED in part. Count V should be dismissed, but the Motion should otherwise be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.


ENTER: February 3, 2011


            *s/ Byron G. Cudmore*
            BYRON G. CUDMORE
     UNITED STATES MAGISTRATE JUDGE