IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ISRINGHAUSEN IMPORTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3253 |
| | ) | |
| NISSAN NORTH | ) | |
| AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Report and Recommendation (d/e 23) entered by Magistrate Judge Byron G. Cudmore on February 3, 2011. Defendant, Nissan North America, Inc. (Nissan), filed its Objections to the Report and Recommendation By Honorable Magistrate Judge Cudmore (Objections) (d/e 24) on February 22, 2011. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

In the Report and Recommendation, Judge Cudmore recommends allowing in part and denying in part Nissan's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Motion to Dismiss) (d/e 16). This Court reviews de novo any part of the Report and Recommendation that has been properly objected to. 28 U.S.C. § 636(b)(1)©. For the reasons set forth below, the Court overrules the Objections and adopts Judge Cudmore's Report and Recommendation.

BACKGROUND

A. Isringhausen's Corrected Complaint

On October 29, 2010, Isringhausen filed its nine-count Corrected Complaint (d/e 13) against Nissan and the following related defendants: Nissan Motor Corp., Ltd.; Nissan Design American, Inc., and Nissan Jidosha Kaisha, Trading as Nissan Motor Co., Ltd. (the related defendants are hereinafter collectively referred to as "the Affiliated Companies"). In its Corrected Complaint, Isringhausen alleges claims for: Trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1) (Count I); Unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count II); Trademark dilution under Lanham Act, 15, U.S.C. § 1125© (Count III); Copyright infringement under the Copyright Act of

1976, 17 U.S.C. §§ 501(a)(1) and 602(a) (Count IV); Trademark dilution under the Illinois Anti-Dilution Act, 765 ILCS 1036/65 et seq. (Count V); Common law unfair competition under Illinois law (Count VI); Trademark infringement under Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60 (Count VII); Unfair competition under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 (Count VIII); and Unfair and deceptive practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count IX). The parties are familiar with the specific allegations of each count contained in Isringhausen's Corrected Complaint, and this information is fully set out in the "Statement of Facts" section of Judge Cudmore's Report and Recommendation.[1]

B. Nissan's Motion To Dismiss Pursuant To Rule 12(b)(6)

On December 1, 2010, Nissan filed its Motion to Dismiss and a Memorandum of Law in Support of Its Motion to Dismiss (d/e 17). In

---

[1] The Court notes Nissan's objection to the statement on page 3 of the Report and Recommendation that "Isringhausen has registered the Isringhausen Design with the U.S. Copyright Office, receiving Registration No. Vau 1-038-063 (Copyright)."

the Motion to Dismiss, Nissan contended that all nine counts of the Corrected Complaint should be dismissed for failure to state a claim upon which relief may be granted.  Specifically, Nissan argued that Isringhausen failed to differentiate the acts of the individual defendants and that Isringhausen did not plead a protectable intellectual property interest in its design, as set forth in Paragraph 9 of the Corrected Complaint (the design depicted in Paragraph 9 of the Corrected Complaint is hereinafter referred to as the "Isringhausen Design"). According to Nissan, Isringhausen's protectable intellectual property includes elements besides the Isringhausen Design.   These additional elements include photographs and the words "ISRINGHAUSEN IMPORTS" and that the registered trademark includes the words "ISRINGHAUSEN" and "1 ISRINGHAUSEN PRIORITY."  Because Isringhausen only claims misuse of the Isringhausen Design, and fails to allege Nissan used any of the additional elements, Nissan argued Isringhausen failed to plead any protectable intellectual property interest.

Additionally, Nissan argued Count V should be dismissed given

Isringhausen's allegation that Isringhausen and Nissan are competitors. Finally, Nissan argued Counts VI-IX are preempted by the Federal Copyright Act.

### C. Judge Cudmore's Report And Recommendation And Nissan's Objections Thereto

As stated, Judge Cudmore recommends that Nissan's Motion to Dismiss be allowed in part and denied in part. Specifically, Judge Cudmore recommends that Count V of Isringhausen's Complaint be dismissed, but Nissan's Motion to Dismiss should otherwise be denied.

On February 22, 2011, Nissan filed its Objections and an accompanying Memorandum of Law in Support of its Objections to Report and Recommendations by Honorable Magistrate Judge Cudmore (Memorandum in Support of Objections) (d/e 25). In its Objections, Nissan disputes several of Judge Cudmore's findings in the Report and Recommendation. The disputed findings listed in Nissan's Objections include the following:[2]

---

[2] These disputed findings are hereinafter collectively referred to as "Nissan's Disputed Findings."

(1) Isringhausen states a claim for Lanham Act violations in Counts I, II and III;

(2) Isringhausen has registered the Isringhausen Design with the U.S. Copyright Office, receiving Registration No. VAu 1-038-063;

(3) Isringhausen has alleged that the Isringhausen Design is a constituent element of the copyrighted work that is original and that Nissan copied that design;

(4) Isringhausen states a claim for copyright infringement in Count IV;

(5) the collective allegations are sufficient to put Nissan on notice of the claim because Isringhausen alleges that Nissan and the Affiliated Companies act together for a common purpose;

(6) Isringhausen has alleged the Isringhausen Design is an important element of its registered trademark and that the Nissan Designs are likely to confuse consumers because the Nissan Designs are so similar to the Isringhausen Design;

(7) the Nissan Designs are sufficiently similar to Isringhausen's

trademark and to constituent parts of Isringhausen's copyrighted work to state a claim;

(8) Nissan's motion to dismiss the federal claims should be denied; and

(9) Nissan's challenges to the state law claims, Counts V-IX, on the bases that the Corrected Complaint:

    (a) improperly refers to Nissan and the Affiliated Companies collectively as the Defendants, and

    (b) fails to allege a protectable intellectual property interest in the Isringhausen Design should be rejected for the same reasons these challenges were rejected with respect to the federal claims.

Nissan maintains that Isringhausen failed to plead facts in support of its claims with particularity and therefore Isringhausen's allegations are not sufficient to put Nissan on notice of the allegations against it.

In its Memorandum in Support of Objections, Nissan only argues that Isringhausen's Corrected Complaint fails to: (1) plead facts to

support its claim to a protectable copyright in the design; (2) identify which of Nissan's twelve listed "gestures"[3] are purportedly infringing Isringhausen's alleged design; and (3) assert any allegations against Nissan specifically. Given these alleged failures, Nissan contends the Corrected Complaint should be dismissed pursuant to Rule 12(b)(6).

## ANALYSIS

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir.2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007). This means that (1) "the complaint

---

[3] These 12 "gestures" are depicted in Paragraphs 20 and 23 of Isringhausen's Corrected Complaint. The "gestures" are designs used by Nissan that Isringhausen alleges are similar to the Isringhausen Design.

must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing Twombly, 550 U.S. 544 (2007)). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir.2009) (citing Tamayo, 526 F.3d at 1081).

As stated, Nissan's Objections dispute several findings made by Judge Cudmore in his Report and Recommendation. However, Nissan has only provided, by way of its Memorandum in Support of Objections,

argument and supporting authority for three objections.  Nissan's Memorandum in Support of Objections argues that the Corrected Complaint should be dismissed because of Isringhausen's alleged failure to: (1) plead facts to support its claim to a protectable copyright in the design; (2) identify which of Nissan's twelve listed gestures are purportedly infringing Plaintiff's alleged design; and (3) assert any allegations against Nissan specifically.  The Court addresses these arguments in turn.

### A. Isringhausen Has Sufficiently Alleged a Protectable Intellectual Property Interest In The Isringhausen Design

Nissan argues Isringhausen fails to plead a protectable intellectual interest in the Isringhausen Design because the Isringhausen Design is not copyrightable standing alone.  Isringhausen alleges ownership of a valid copyright registered in the U.S. Copyright Office with Registration No. VAu 1-038-063.  Nissan maintains the registered copyright is a postcard that, in addition to the Isringhausen Design, includes photographs and the words "Isringhausen Imports" (the photographs and the words "Isringhausen Imports" are hereinafter collectively referred to

as the "Additional Elements").  According to Nissan, Isringhausen has failed to state a claim for copyright infringement because the Corrected Complaint does not alleged Nissan used any of the Additional Elements. This Court disagrees.

Initially, the Court notes Isringhausen's alleged failure to claim that Nissan used, in addition to the Isringhausen Design, any of the Additional Elements that are in the copyright deposit is of no moment because the scope of copyright protection is not defined by what is in the copyright deposit.  See Kahle v. Ashcroft, No. C-04-1127 MMC, 2004 WL 2663157, at *17 (N.D. Cal. Nov. 19, 2004) (stating "the registration, renewal, deposit, and notice requirements do not define the scope of copyright protection but, rather, the procedural steps necessary to obtain and maintain a copyright.  Congress has repeatedly stated that these requirements are mere 'formalities' ... Such formalities do not alter the scope of copyright protection, but merely determine the procedures necessary to obtain or maintain such protection.").  Moreover, Isringhausen need not allege that Nissan used each and every element of

a copyrighted work in order to state a claim for copyright infringement. To state a claim for copyright infringement, one must allege the following two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir.2007) (quoting Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358, 379 (1991)).

As stated, Isringhausen's Corrected Complaint alleges Isringhausen has ownership of a valid copyright with Registration No. VAu 1-038-063. Isringhausen has also sufficiently alleged the second element of a copyright infringement claim, i.e., that the Isringhausen Design is an element of its copyrighted work that is original and that Nissan copied the design. See JCW Investments, 482 F.3d at 914 (stating elements of copyright infringement claim); Feist, 499 U.S. at 361, 111 S.Ct. at 1296, 113 L.Ed.2d at 379 (stating elements of copyright infringement claim); see also 9th Circuit Model Civil Jury Instructions 17.4 (instructing jury as to elements of copyright infringement including the second

requirement that "the defendant copied original elements from the copyrighted work"). Therefore, Isringhausen has stated a claim for copyright infringement.

> B. Nissan Has Waived Its Argument That Isringhausen Failed To Identify Which Of The 12 Gestures Form The Basis Of The Claims Against Nissan By Not Raising Them Before Judge Cudmore

Next, Nissan argues that Isringhausen fails to identify which of the 12 Nissan gestures depicted in the Corrected Complaint form the basis for the claims asserted against Nissan. This issue was raised for the first time in Nissan's Memorandum in Support of Objections. "Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived." <u>Zendejas v. Reel Cleaning Servs., Inc.</u>, No. 05 C 6933, 2009 WL 2431299, at *8 (N.D.Ill. Aug.6, 2009) (citing <u>United States v. Melgar</u>, 227 F.3d 1038, 1040 (2000)).

> Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and

recommendation are taken as established unless the party files objections to them.

Melgar, 227 F.3d at 1040.  Nissan has waived this argument by failing to raise it before Judge Cudmore.

### C. Isringhausen's Claims Are Sufficient To Put Nissan On Notice Of The Specific Allegations Against It

Finally, relying on Specht v. Google, Inc., 660 F.Supp.2d 858 (N.D.Ill.2009), Nissan argues that Isringhausen fails to differentiate the acts of the individual defendants.  Instead, Isringhausen refers to Nissan and the Affiliated Companies collectively as Defendants throughout its Complaint.  According to Nissan, Isringhausen has failed to put it on notice of the specific allegations against it.

In Specht, the plaintiffs filed suit against Google, Inc. and 47 other corporate defendants.  Specht, 660 F.Supp.2d at 861.  The complaint made general allegations and did not make any distinction among the 48 corporate defendants.  Id., at 865.  The plaintiffs treated "the numerous [d]efendants (other than Google) as a collective whole and [did] not identify any specific act of infringement by any single [d]efendant or any

service rendered or product provided by any single [d]efendant." Id. The district court in Specht concluded that the plaintiff's "conclusory legal claims against unspecified [d]efendants f[e]ll short of the requirement that a complaint cite supporting facts in order to survive a motion to dismiss." Id. The complaint failed to put each defendant on notice as to its alleged wrongful conduct. Id. The court dismissed the plaintiff's claims against the numerous corporate defendant's but gave the plaintiff an opportunity to file an amended complaint distinguishing between each defendant and giving factual information specific to each defendant. Id.

The case sub judice is distinguishable from Specht. In Specht, the only relation between the corporate defendants was that they were part of a business association. They were not otherwise related. Here, unlike the defendants in Specht, each of the Nissan defendants are related as they are part of a single corporate network. As Judge Cudmore stated, "[i]n this context, the collective allegations are sufficient to put Nissan on notice of the claim because Isringhausen alleges that Nissan and the

Affiliated Companies act together for a common purpose." Report and Recommendation at 10.

D. This Court's Duty To Perform <u>De Novo</u> Review Does Not Arise As To Nissan's Unsupported Objections

As previously noted, Nissan's Disputed Findings contained in Nissan's Objections included several of Judge Cudmore's findings that Nissan disputed but did not support with any discussion of facts or legal analysis with citation to authority in its Memorandum in Support of Objections. "<u>De novo</u> review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." <u>United States ex rel. McCall v. O'Grady</u>, 1995 WL 584333, at *1 (N.D.Ill.1995) (citing 28 U.S.C. 636(b)(1)); <u>see also</u> <u>United States v. O'Neill</u>, 52 F.Supp.2d 954, 967 (E.D.Wis.1999) (rejecting, without performing a <u>de novo</u> review, objections that were not supported by statutory analysis or citation to case law); <u>Radke's Inc. v. Bastian</u>, 2011 WL 811377, at *1 (C.D.Ill.2011) ("Perfunctory and undeveloped arguments may be deemed waived and do

Affiliated Companies act together for a common purpose." Report and Recommendation at 10.

D. This Court's Duty To Perform <u>De Novo</u> Review Does Not Arise As To Nissan's Unsupported Objections

As previously noted, Nissan's Disputed Findings contained in Nissan's Objections included several of Judge Cudmore's findings that Nissan disputed but did not support with any discussion of facts or legal analysis with citation to authority in its Memorandum in Support of Objections. "<u>De novo</u> review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." <u>United States ex rel. McCall v. O'Grady</u>, 1995 WL 584333, at *1 (N.D.Ill.1995) (citing 28 U.S.C. 636(b)(1)); <u>see also</u> <u>United States v. O'Neill</u>, 52 F.Supp.2d 954, 967 (E.D.Wis.1999) (rejecting, without performing a <u>de novo</u> review, objections that were not supported by statutory analysis or citation to case law); <u>Radke's Inc. v. Bastian</u>, 2011 WL 811377, at *1 (C.D.Ill.2011) ("Perfunctory and undeveloped arguments may be deemed waived and do

Affiliated Companies act together for a common purpose." Report and Recommendation at 10.

D. This Court's Duty To Perform <u>De Novo</u> Review Does Not Arise As To Nissan's Unsupported Objections

As previously noted, Nissan's Disputed Findings contained in Nissan's Objections included several of Judge Cudmore's findings that Nissan disputed but did not support with any discussion of facts or legal analysis with citation to authority in its Memorandum in Support of Objections. "<u>De novo</u> review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." <u>United States ex rel. McCall v. O'Grady</u>, 1995 WL 584333, at *1 (N.D.Ill.1995) (citing 28 U.S.C. 636(b)(1)); <u>see also</u> <u>United States v. O'Neill</u>, 52 F.Supp.2d 954, 967 (E.D.Wis.1999) (rejecting, without performing a <u>de novo</u> review, objections that were not supported by statutory analysis or citation to case law); <u>Radke's Inc. v. Bastian</u>, 2011 WL 811377, at *1 (C.D.Ill.2011) ("Perfunctory and undeveloped arguments may be deemed waived and do

not warrant consideration on the merits by the Court[.]"); United States v. O'Neill, 27 F.Supp.2d 1121, 1126 (E.D.Wis.1998) ("'[W]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise[.]'") (quoting United States v. Molinaro, 683 F.Supp. 205, 211 (E.D.Wis.1988); Local Rule 72.2(B) (stating objections to report and recommendation must specific and accompanied by memorandum of law in support of those objections); Local Rule 7.1(B)(1) (stating every motion raising a question of law must be accompanied by a memorandum of law with supporting authorities upon which the party relies). While the Court does not have a duty to conduct de novo review of Nissan's Disputed Findings that Nissan has not supported with argument or authority, the Court has nonetheless reviewed these claims and agrees with Judge Cudmore's conclusions and reasoning in his Report and Recommendation with respect to these issues.

IT IS THEREFORE ORDERED that Judge Cudmore's Report and

Recommendation (d/e 23) is ADOPTED and Nissan North America, Inc.'s, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 16) is ALLOWED IN PART and DENIED IN PART. Specifically, Count V of Isringhausen's Corrected Complaint is DISMISSED, but the Motion to Dismiss is DENIED in all other respects. This case is REFERRED back to Judge Cudmore for further pre-trial proceedings.

IT IS THEREFORE SO ORDERED.

ENTERED: April 6, 2011.

        FOR THE COURT:

                            s/ Sue E. Myerscough
                            SUE E. MYERSCOUGH
                            UNITED STATE DISTRICT JUDGE