IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ISRINGHAUSEN IMPORTS, INC., )
                              )
    Plaintiff,                )
                              )
    v.                        )   No. 10-CV-3253
                              )
NISSAN NORTH                  )
AMERICA, INC., et al.,        )
                              )
    Defendants.               )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Nissan Motor Co. Ltd.'s (Nissan Japan) Motion to Dismiss for Lack of Personal Jurisdiction (d/e 43) (Motion). For the reasons that follow, the Motion is GRANTED.

BACKGROUND

On October 29, 2010, Isringhausen filed its nine-count Corrected Complaint (d/e 13) against Nissan Japan and other related Defendants. The Corrected Complaint names Nissan Japan as a Defendant and alleges

Nissan Japan "is a corporation organized and existing under the laws of Japan, having its principal place [of] business at 17-1 Ginza 6-Chome, Chuo-k, Tokyo, 104-8023, Japan." The Corrected Complaint does not allege any contacts between Nissan Japan and Illinois.

Nissan Japan has filed its Motion and supporting memorandum in which it asks the Court to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Nissan Japan asks that any dismissal be with prejudice. Isringhausen has responded and argues that any dismissal of Isringhausen's claims against Nissan Japan for lack of personal jurisdiction should be without prejudice.

## ANALYSIS

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. See Steel Warehouse of Wisc., Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998). A court can look to affidavits and exhibits submitted by each party when deciding whether the plaintiff has made a necessary showing of personal jurisdiction. Turnock v. Cope, 816 F.2d

332, 333 (7th Cir. 1987). "If the defendant submits affidavits or other evidence in opposition, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" ABN AMRO, Inc. v Capital International Ltd., 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (quoting Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 783 (7th Cir. 2003)).

Nissan Japan has moved to dismiss the claims against it for lack of personal jurisdiction. Nissan Japan submitted affidavits opposing personal jurisdiction, Jim DeTrude's[1] affidavit states, in part, that Nissan North America (NNA) and Nissan Japan are independent companies and that NNA has its own marketing department, which is responsible for advertising, promoting, and marketing Infiniti model vehicle in the United States, including media purchasing and marketing placement and content. Yuichi Nakada is the senior manager of the Legal Department for Nissan Jidosha Kabushiki Kaisha d/b/a Nissan Motor Co., Ltd. (Nissan Japan). His affidavit states that Nissan Japan and NNA are

---

[1] Jim DeTrude is the Director of Marketing and Public Relations for the Infiniti Division of Nissan North America.

independent companies and each strictly observes all corporate formalities necessary for its separate legal existence. Nissan Japan does not exercise day-to-day control over the operations of NNA's business. Nissan Japan does not engage in direct marketing, promotional, advertising, or solicitation activities in Illinois; nor has Nissan Japan purposefully or voluntarily directed its activities toward Illinois with respect to the manufacture, sale, or advertising of Nissan or Infiniti vehicles.

Instead of submitting any affirmative evidence supporting the exercise of jurisdiction, Isringhausen points out the following alleged deficiencies in Nissan Japan's affidavits: (1) "neither Affiant contends that the infringing advertising campaign was not subject to the direction, review and ultimate approval of Nissan Japan"; and (2) "neither Affiant alleges that Nissan Japan was not involved in any manner with the development and use of the infringing designs." Because Nissan Japan has submitted affidavits in opposition to personal jurisdiction, Isringhausen "must go beyond the pleadings and submit affirmative

evidence supporting the exercise of jurisdiction." See Purdue Research Foundation, 338 F.3d at 783.  Isringhausen has not met its burden because it has submitted no affirmative evidence to support the exercise of jurisdiction of Nissan Japan.

Finally, Local Rule 7.1 states that any party opposing a motion must file a response to the motion, including a brief statement of the specific point or propositions of law and supporting authorities upon which the responding party relies.  Isringhausen's Response to the Motion does not make any argument that this Court has personal jurisdiction over Nissan Japan nor cite any legal authority relevant to such an argument.  The "Law and Argument" section in Isringhausen's Response is dedicated entirely to Isringhausen's position that a dismissal for lack of personal jurisdiction is not a dismissal on the merits and should therefore be a dismissal without prejudice.

For these reasons, the Court will grant Nissan Japan's Motion.  However, "[a] dismissal for lack of personal jurisdiction is not a decision on the merits and thus is without prejudice." Schmidt v. Europa Ltd.,

2001 WL 868696, at *3.

## CONCLUSION

THEREFORE, Nissan Japan's Motion (d/e 43) is GRANTED.

Dismissal is WITHOUT PREJUDICE.

IT IS SO ORDERED.

ENTERED: December 1, 2011.

FOR THE COURT:

s/ Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATE DISTRICT JUDGE