IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ISRINGHAUSEN IMPORTS, INC., )
)
Plaintiff, )
)
v. )      No. 10-CV-3253
)
NISSAN NORTH )
AMERICA, INC., et al., )
)
Defendants. )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Plaintiff Isringhausen Import,

Inc.'s (Isringhausen) Motion to Dismiss and Strike Pursuant to Federal

Rules of Civil Procedure 12(b)(6) and 12(f).  See d/e 39 (the "Combined

Motion").  Isringhausen has filed a Memorandum in Support of its

Combined Motion (see d/e 40 ("Memorandum in Support")).  Defendant

Nissan North America, Inc. ("NNA") has filed its Response to Plaintiff's

Motion to Dismiss and Strike and Alternative Motion for Leave to

Amend Answer, Affirmative Defenses, and Counterclaim (see d/e 48

Page 1 of  31

(Response)).  For the reasons that follow, Isringhausen's Combined

Motion is granted in part and denied in part.

BACKGROUND

On October 29, 2010, Isringhausen filed its nine-count Corrected

Complaint (d/e 13) against NNA and the following related defendants:

Nissan Motor Corp., Ltd., Nissan Design American, Inc., and Nissan

Jidosha Kaisha, Trading as Nissan Motor Co., Ltd. (the related

defendants are hereinafter collectively referred to as "the Affiliated

Companies").  On April 6, 2011, this Court dismissed Count V of the

Corrected Complaint.  See d/e 28.  Also, on Isringhausen's motion,

Nissan Design America, Inc., has been dismissed from this case without

prejudice.  See Text Order of May 18, 2011.

On May 4, 2011, NNA filed its Answer and Affirmative Defenses

to Plaintiff's Corrected Complaint.  See d/e 33 ("Answer").  The Answer

raised 23 affirmative defenses and brought a counterclaim against

Isringhausen seeking a declaratory judgment on Isringhausen's trademark

(Count I of Corrected Complaint) and copyright (Count II of Corrected

Complaint) claims.  Moreover, NNA asked that the Court "[a]ward Infiniti its costs and attorneys' fees incurred in defending  against Isringhausen's Complaint and asserting its Counterclaim, including without limitation those fees for which an award is proper pursuant to 15 U.S.C. § 117(a)[.]"  Isringhausen has filed its Combined Motion, and NNA has responded.  The Court now issues this opinion.

<u>ANALYSIS</u>

As stated, NNA has asserted 23 affirmative defenses.  In its Combined Motion, Isringhausen claims that affirmative defenses numbered 1, 3-6, 8-16, and 19-23 are insufficient and must be stricken. Isringhausen also maintains that NNA's claim for attorneys' fees and costs as set forth in NNA's Counterclaim must be dismissed under Rule 12(b)(6).

**A.  Motion to Strike NNA's Affirmative Defenses**

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  As a general rule, motions to

strike are disfavored because such motions often serve only to delay
proceedings.  See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883
F.2d 1286, 1294 (7th Cir. 1989) (citing United States v. 416.81 Acres of
Land, 514 F.2d 627, 631 (7th Cir. 1975)).  The Court is "reluctant to
strike affirmative defenses because the plaintiff is not required to file a
responsive pleading and is deemed to have denied all allegations in the
affirmative defenses."  Central Laborers' Pension, Welfare & Annuity
Funds v. Parkland Environmental Group, Inc., 2011 WL 4381429, at *1
(C.D. Ill. 2011) (citing Fed.R.Civ.P. 7(a) and 8(b)(6)).  However, if a
motion to strike removes unnecessary clutter from the case, the motion
can serve to expedite, not delay.  See Heller Financial, Inc., 883 F.2d at
1294.

"Ordinarily, defenses will not be struck if they are sufficient as a
matter of law or if they present questions of law or fact."  Heller
Financial, Inc., 883 F.2d at 1294.  To be legally sufficient, affirmative
defenses must be set forth in a "short and plain statement" of the
defense.  Id. (citing Fed.R.Civ.P. 8(a); Bobbitt v. Victorian House, Inc.,

532 F. Supp. 734, 737 (N.D. Ill. 1982)).  Defenses that are essentially

reiterations of the defendant's answers are redundant and may be

stricken.  See Convergence Aviation, Ltd. v. United Technologies Corp.,

2011 WL 1337099, at *2 (N.D. Ill. 2009).  If an affirmative defense is

defective, leave to amend should be freely granted as justice requires

under Federal Rule of Civil Procedure 15(a).  See Heller, 883 F.2d at

1294.

### 1. First Affirmative Defense

NNA's first affirmative defense is that "Isringhausen fails to state a

claim upon which relief may be granted against Infiniti."  Courts have

not always agreed whether a party may properly assert "failure to state a

claim" as an affirmative defense or whether that defense must be raised in

a separate Rule 12(b)(6) motion.  See Jackson v. Methodist Medical

Center of Illinois, 2007 WL 128001, at *2 (C.D. Ill. 2007) (collecting

cases).  As noted in Jackson, more than "bare bones" pleading of the legal

standard is necessary, even by those courts that have allowed the

affirmative defense of failure to state a claim.  Jackson, 2007 WL

128001, at *2.  Here, NNA has done no more than recite the legal standard, which is insufficient.  Therefore, NNA's first affirmative defense is stricken.  Moreover, no purpose would be served by allowing NNA to replead this defense as this Court has already allowed NNA's motion to dismiss brought pursuant to Rule 12(b)(6) with respect to Count V of the Corrected Complaint and denied it with respect to all other counts.

### 2. Third Through Sixth Affirmative Defenses

NNA's third through sixth affirmative defenses, *i.e.*, acquiescence, estoppel, consent, and waiver respectively, are equitable defenses that must be pled with the specific elements required to establish the defense. See Yash Raj Films (USA) Inc. v. Atlantic Video, 2004 WL 1200184, at *3 (N.D. Ill. 2004).  NNA's affirmative defenses based on these doctrines are all based on the allegation that Isringhausen knew of Infiniti's use of transitory gestures for an extensive time period prior to filing the lawsuit and that Isringhausen never indicated to Infiniti that it had a claim against Infiniti's use of the gestures.  Isringhausen alleges that these

affirmative defenses are defective because they do not allege that
"Isringhausen engaged in active conduct in addition to the mere passage
of time and claimed prejudice to NNA."

### i. Third Affirmative Defense:  Acquiescense

Acquiescence is a "defense to trademark infringement in 'cases
where the trademark owner, by affirmative word or deed, conveys its
implied consent to another.'" Trans Union LLC v. Credit Research, Inc.,
142 F.Supp.2d 1029, 1041 (N.D. Ill. 2001) (quoting TMT North
America, Inc. v. Magic Touch GmbH, 124 F.3d 876, 885 (7th Cir.
1997)).  "Acquiescence merges with laches when it is based on silence."
Trans Union LLC, 142 F.Supp.2d at 1041.  "Unlike laches, acquiescence
implies active consent to an infringing use of the mark and requires a
defendant to establish that (1) the senior user actively represented it
would not assert a right or a claim; (2) the delay between the active
representation and assertion of the right or claim was not excusable; and
(3) the delay caused the defendant undue prejudice."  Bobak Sausage Co.
v. A & J Seven Bridges, Inc., 2011 WL 1131385, at *6 (N.D. Ill. 2011);

see also ProFitness Physical Therapy Ctr. v. Pro–Fit Orthopedic and

Sports Physical Therapy P.C., 314 F.3d 62, 67 (2d Cir. 2002) (noting

that while both laches and acquiescence connote consent by the owner to

an infringing use of his mark, acquiescence implies active consent, while

laches only requires passive consent)[1]; Emmpresa Cubana Del Tabaco v.

Culbro Corp., 213 F.Supp.2d 247, 276 (S.D.N.Y. 2002) (affirmative

defense of acquiescence is used only in those cases where trademark

owner conveys its consent to another by affirmative word or deed).

NNA's third affirmative defense of acquiescence does not sufficiently

allege active consent or an affirmative word or deed conveying consent by

Isringhausen and, therefore, must be stricken with leave to replead.


*ii. Fourth Affirmative Defense:  Estoppel*

----

[1] This case is distinguishable from Profitness Physical Therapy Center, 314 F.3d at 68-69, because in that case the plaintiff's silence came after letters were exchanged between the parties, including a cease and desist letter from the plaintiff to the defendant.  The defendant responded by letter with a proposal to change its name and requested a response from the plaintiff with the caveat that the failure to respond would be understood as an agreement to the name change.  The plaintiff did not respond.  Here, there is no similar allegation of an implicit assurance by Isringhausen that it would not assert its rights.

"For estoppel to apply, the alleged infringer must show that the copyright owner was aware of the infringing conduct and yet acted in a way that induced the infringer to reasonably rely upon such action to his detriment." Ty, Inc. v. West Highland Publishing, Inc., 1998 WL 698922, at * 11 (N.D. Ill. 1998).  Misleading conduct may include specific statements, action, inaction, or silence where there is a clear duty to speak.  R2 Medical Systems, Inc. v. Katecho, Inc., 931 F.Supp.1397, 1416 (N.D. Ill. 1996); Emmpresa Cubana Del Tabaco, 213 F.Supp.2d at 276 (affirmative defense of equitable estoppel requires a misleading communication with plaintiff's knowledge of the true facts).  While silence or inaction may constitute misleading conduct, it must be combined with other facts involving the relationship or communication between the parties to give rise to the necessary inference that the plaintiff would not enforce its rights.  R2 Medical Systems, Inc., 931 F.Supp. at 1416.  While awareness of the defendant's challenged activities may be a necessary factor, it is not sufficient to render the inaction misleading.  Id.  "[C]ourts have required communication

between the parties either somehow encouraging the challenged activity or indicating an intent to enforce the rights [] followed by inaction." Id. Here, NNA only alleges Isringhausen knew of NNA's use of the transitory gestures for an extended period of time prior to filing the lawsuit and never indicated to Infiniti that Isringhausen had a claim. NNA does not allege a communication between the Parties encouraging the challenged activity or indicating an intent to enforce Isringhausen's rights followed by inaction. Therefore, NNA has not adequately pleaded the defense of estoppel.[2] This defense is stricken with leave to replead.

### iii. Fifth Affirmative Defense: Consent

The parties seem to agree that consent and acquiescence are closely related, if not indistinct. "As a general matter, while 'consent is a defense

---

[2] The Court notes that some courts in trademark infringement cases, instead of treating estoppel as a separate defense, have referred to the defense of estoppel in conjunction with the defenses of acquiescence and laches. See Sara Lee Corp. v. Kayser-Roth Corp., 81 F.3d 455, 462-63 (4th Cir. 1996) (referring to doctrines of "estoppel by acquiescence" and "estoppel by laches"); see also 5 McCarthy on Trademarks § 31:41 ("[T]o preserve some semantic sanity in the law, it is appropriate to use the word 'acquiescence' for use only in those cases where the trademark owner, by affirmative word or deed, conveys its implied consent to another. That is, laches denotes a merely passive consent, while acquiescence implies active consent. In this set of definitions, we would have 'estoppel by laches' as distinct from 'estoppel by acquiescence.'")

only with respect to acts undertaken before an effective termination of the consent, reliance on the consent or acquiescence of the trademark owner can create an estoppel which will preclude an effective termination of the consent.'" <u>Bobak Sausage Co.</u>, 2011 WL 1131385, at *7 (quoting <u>Trace Minerals Research, L.C. v. Mineral Resources Intern'l, Inc.</u>, 505 F.Supp.2d 1233, 1241 (D. Utah 2007)).  NNA's fifth affirmative defense of consent, like NNA's third affirmative defense of acquiescense, does not allege active consent, or an affirmative word or deed conveying consent, by Isringhausen and, therefore, will be stricken with leave to replead.

### iv. Sixth Affirmative Defense: Waiver

"Waiver is an intentional relinquishment of a known right."  <u>Phico Ins. Co. v. Aetna Casualty and Surety Co. of America</u>, 93 F.Supp. 2d 982, 993 (S.D. Ind. 2000) (citations omitted).  "Although mere silence can be a basis for a claim of estoppel when a legal duty to speak exists, waiver must be manifested in an unequivocal manner."  <u>Duncan v. Office Depot</u>, 973 F.Supp. 1171, 1177 (D. Or. 1997).  In this case, NNA alleges Isringhausen had knowledge of Infiniti's, and other companies',

use of transitory gestures for an extended period of time and took no action to cease or curb those uses.  However, "failure to act, without more, is insufficient evidence of a trademark owner's intent to waive its right to claim infringement."  <u>Novell, Inc. v. Weird Stuff, Inc.</u>, 0094 WL 16458729, at *13 (N.D. Cal. 1993).  NNA has not adequately pleaded the affirmative defense of waiver.  This affirmative defense is stricken with leave to replead.

### 3. Eighth and Ninth Affirmative Defenses

NNA's eighth and ninth affirmative defenses assert that "Isringhausen's alleged federal trademark is not incontestable" and that "the silhouette element in Isringhausen's alleged trademarks is generic and/or merely descriptive and not entitled to protection", respectively. "A defendant is free to argue that a mark should never have become incontestible because the mark is generic for the goods."  <u>Northwestern Corp. v. Gabriel Mfg. Co., Inc.</u>, No. 95 C 2004, 1996 WL 966144, at *18 (N.D. Ill. 1999) (citing 15 U.S.C. § 1065(4)).  Accordingly, NNA's assertion that Isringhausen's alleged federal trademark is not

incontestable[3] and that the silhouette element of the trademark is generic are proper affirmative defenses.  The motion to strike, as it relates to the eighth and ninth affirmative defenses, is denied.

### 4.  Tenth Affirmative Defense

NNA's tenth affirmative defense is that Isringhausen has not used the silhouette standing alone in commerce and, therefore, has no common law rights in the silhouette alone.  NNA's Answer denies that Isringhausen has used the silhouette standing alone in commerce. Answer, Answer to ¶¶ 9, 11, and 14 of the Corrected Complaint. Therefore, the matter raised by the tenth affirmative defense has already been put at issue by NNA's denials and the affirmative defense will be stricken because it is redundant.  See Convergence Aviation, Ltd., 2011 WL 1337099, at *2.  However, to the extent NNA intended to raise some affirmative matter here, the Court will give NNA an opportunity to replead.

---

[3] Because the eighth and ninth affirmative defenses are closely related, the Court will allow NNA's eight affirmative defense that the trademark is not incontestable to stand even though such a defense would be redundant because NNA has already put the contestability of the trademark at issue by denying that the trademark is incontestable in its Answer to ¶ 10 of the Corrected Complaint.

### 5.  Eleventh Affirmative Defense

NNA's eleventh affirmative defense is that "Infiniti has not and does not infringe the alleged trademarks and is not subject to liability for infringement of the alleged trademarks."  The concept of raising an affirmative defense requires the responding party to admit the allegations in the complaint but then allows the responding party to assert it is excused from liability for some legal reason.  Reis Robotics USA, Inc. v. Concept Indus., 462 F.Supp.2d 897, 906 (N.D. Ill. 2006).  NNA's denial that it infringed the alleged trademarks is not a proper affirmative defense.  See Sloan Valve Co. v. Zurn Industries, Inc., 712 F.Supp.2d 743, 756 (N.D. Ill. 2010) (striking affirmative defense that denied the defendant infringed a patent because it is not actually an affirmative defense).  Therefore, the eleventh affirmative defense is stricken with prejudice.

### 6.  Twelfth Affirmative Defense

NNA's twelfth affirmative defense is that:

Isringhausen's alleged trademarks are distinguishable from the transitory gestures used by Infiniti.  The literal elements, not

the silhouette, are the dominant portion of Isringhausen's alleged trademarks. Vehicle outlines and silhouettes are commonly used in the automotive industry and are not entitled to a high level of trademark protection. Isringhausen has not pled actual confusion or any facts to substantiate a likelihood of confusion, and Infiniti is not aware of any consumer confusion. There is no likelihood of confusion and Isringhausen's alleged trademark claims fail.

NNA's Answer denied there is a likelihood of confusion. Answer, Answer, Answer to ¶¶ 25, 52, 57, 62, 63, and 64. Therefore, the matter raised by the twelfth affirmative defense has already been put at issue by NNA's denials and the affirmative defense will be stricken because it is redundant. See Convergence Aviation, Ltd., 2011 WL 1337099, at *2. However, to the extent NNA intended to raise some affirmative matter here, the Court will give NNA an opportunity to replead.

### 7. Thirteenth Affirmative Defense

NNA's thirteenth affirmative defense states that "Isringhausen's alleged trademarks are not famous in the general population. Consequently, Isringhausen cannot maintain a federal trademark dilution claim." NNA's Answer denies that Isringhausen's trademarks are famous. Answer, Answer to ¶¶ 9, 21, 22, and 23 of the Corrected Complaint.

Therefore, the matter raised by the thirteenth affirmative defense has already been put at issue by NNA's denials, and the affirmative defense will be stricken because it is redundant.  See <u>Convergence Aviation, Ltd.</u>, 2011 WL 1337099, at *2.  However, to the extent NNA intended to raise some affirmative matter here, the Court will give NNA an opportunity to replead.

### 8.  Fourteenth Affirmative Defense

NNA's fourteenth affirmative defense alleges:

> Infiniti utilizes gestures that reflect descriptive characteristics of Infiniti's products.  Based upon information and belief, this selection was made without knowledge of Isringhausen's trademarks.  At all times, Infiniti's conduct was and is lawful, justified, reasonable, in good faith, and with innocent intent based upon the facts known at the time it acted, thereby precluding Isringhausen, even if it prevails, from recovering treble damages, attorneys' fees and/or costs, or any other enhanced damages.

Isringhausen contends this is not a proper  affirmative defense because NNA, by asserting this defense, is not admitting the validity of the claims in the Corrected Complaint, but is instead raising issues which attack the allegations of the Corrected Complaint.

The Supreme Court has stated that the affirmative defense of fair use is "available to a party whose 'use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin.'"  KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc., 543 U.S. 111, 118–22 (2004) (quoting 15 U.S.C. § 1115(b)(4)).  NNA's Answer to the Corrected Complaint denied that Infiniti has used the gestures as trademarks.  Moreover, NNA asserts that the use of the gestures was in good faith.  This is sufficient to put Isringhausen on notice of NNA's affirmative defense of fair use.  Isringhausen's motion to strike this defense is denied.

### 9.  Fifteenth Affirmative Defense

NNA's fifteenth affirmative defense alleges "Infiniti has not and does not infringe Isringhausen's alleged copyright and is not subject to liability for infringement of the alleged copyright."  NNA has already put this matter at issue in its Answer when it denied that its acts constitute

infringement of Isringhausen's copyright.  Answer, Answer to ¶ 44 of the Corrected Complaint.  The matter raised by the fifteenth affirmative defense has already been put at issue by NNA's denials, and the affirmative defense will be stricken because it is redundant.  See Convergence Aviation, Ltd., 2011 WL 1337099, at *2.  However, to the extent NNA intended to raise some affirmative matter here, the Court will give NNA an opportunity to replead.

### 10.  Sixteenth Affirmative Defense

NNA's sixteenth affirmative defense alleges that "[t]he silhouette portion of Isringhausen's copyright is a common design which lacks a sufficient minimal level of creativity and originality.  Said silhouette is, thus, not entitled to copyright protection.  Where the silhouette is the only element of similarity alleged by Isringhausen, Isringhausen's copyright claims fail."  NNA has denied that Isringhausen's silhouette is creative or original, or that the silhouette standing alone is copyrighted. Answer, Answer to ¶ 10 of the Corrected Complaint.  The matter raised by the sixteenth affirmative defense has already been put at issue by

NNA's denials, and the affirmative defense will be stricken because it is redundant. See Convergence Aviation, Ltd., 2011 WL 1337099, at *2. However, to the extent NNA intended to raise some affirmative matter here, the Court will give NNA an opportunity to replead.

### 11.  Nineteenth Affirmative Defense

NNA's nineteenth affirmative defense is that "[t]here is no substantial similarity between protectable elements of Isringhausen's alleged copyright and the gestures used by Infiniti.  Consequently, Isringhausen's copyright claims fail."  To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephonic Service Co., Inc., 499 U.S. 340, 361 (1991).  While substantial similarity is not a separate element under the Feist test[4], the copying inquiry entails questions of substantial

---

[4] In a pre-Feist case, the Seventh Circuit stated substantial similarity between the works was an element of copyright infringement.  The court stated the plaintiff in a copyright infringement case must establish: (1) that she owns the copyright in question; (2) that the defendant had access to the copyrighted work; and (3) there is substantial similarity between the two works.  Roulo v. Russ Berrie & Co., Inc., 886 F.2d 931, 939 (7th Cir. 1989).

similarity.  See Ocean Atlantic Woodland Corp, 2003 WL 1720073, at

*11.  To state that Isringhausen's copyright claim fails because there is no

substantial similarity between the protectable elements of Isringhausen's

alleged copyright and the gestures used by Infiniti is another way of

saying that Infiniti did not copy Isringhausen's gesture.  This is denying

an element of Plaintiff's *prima facie* case and is therefore not a proper

affirmative defense.  NNA's nineteenth affirmative defense is stricken

with prejudice.

### 12.  Twentieth Affirmative Defense

NNA's twentieth affirmative defense is that "[a]ny use by Infiniti of

Isringhausen's copyright is a *de minimis* use where the average audience

would not recognize the appropriation due to the lack of substantial

similarity between the works.  Consequently, Isringhausen's copyright

claims fail."  "To establish that the infringement of a copyright is *de

minimis*, and therefore not actionable, the alleged infringer must

demonstrate that the copying of the protected material is so trivial as to

fall below the quantitative threshold of substantial similarity, which is

always a required element of actionable copying." <u>Interplan Architects, Inc.</u>, 2010 WL 4366990, at \*47 (S.D. Tex. 2010) (quoting <u>Sandoval v. New Line Cinema Corp.</u>, 147 F.3d 215, 217 (2d Cir. 1998). NNA's *de minimis* infringement defense is properly plead. In this affirmative defense, NNA is not alleging there is no substantial similarity like its nineteenth affirmative defense. Instead, NNA is saying that any infringement is so trivial as to fall below the quantitative threshold of substantial similarity. This will be at issue in this case, and the Court sees no purpose that would be served by dismissing this affirmative defense. Therefore, the motion to strike this defense is denied. <u>See Huthwaite, Inc. v. Ecolab, Inc.</u>, 2006 WL 929262, at \*1 (N.D. Ill. 2006) (where court did not strike affirmative defense that the use "was de minimis and/or constitutes fair use under 17 U.S.C. § 107" when essentially the same issue was raised in counterclaim and would be an issue in the lawsuit).

### 13.  Twenty-First Affirmative Defense

As stated, to establish copyright infringement, a plaintiff must

prove "(1) ownership of a valid copyright, and (2) copying of constituent

elements of the work that are original." Feist Publications, Inc., 499 U.S.

at  361.  NNA's twenty-first affirmative defense is that "[u]pon

information and belief, Infiniti's gestures were independently created

without knowledge of and without copying Isringhausen's copyright.

Consequently, Isringhausen's copyright claims fail."  Courts differ on

whether independent creation is an affirmative defense.  For example, the

Second and Sixth Circuits allow independent creation as an affirmative

defense.  See Procter & Gamble Co. v. Colgate-Palmolive Co., 199 F.3d

74, 77 (2nd Cir. 1999) ("[i]f the plaintiff establishes a *prima facie* case of

infringement, the defendant may rebut it by proving the affirmative

defense of independent creation"); Wrench LLC v. Taco Bell Corp., 256

F.3d 446, 459-60 (6th Cir. 2001) (referring to independent creation as an

affirmative defense).  However, the Fourth and Eleventh Circuits have

stated independent creation is not an affirmative defense.  See Keeler

Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1066 (4th Cir. 1988)

("'independent creation' is not an affirmative defense"); Calhoun v.

Lillenas Publishing, 298 F.3d 1228, 1230 n.3 (11th Cir. 2002) (under

copyright law, "independent creation is not an affirmative defense.

Rather, independent creation attempts to prove the opposite of the

[plaintiff's] primary claim, *i.e.*, copying").

The Seventh Circuit has not spoken on this issue.  However, this

Court agrees[5] with the Keeler Brass Co. court's analysis of the issue where

the court stated "[the plaintiff's] *prima facie* case advanced the

proposition that the defendants copied the design.  Evidence of

independent creation simply tends to prove the reverse of that

proposition, *i.e.*, that the design was not copied."  Keeler Brass Co., 862

F.2d at 1066.  This view, that independent creation is not an affirmative

defense, is consistent with the idea that the concept of raising an

affirmative defense requires the responding party to admit the allegations

in the complaint but then allows the responding party to assert it is

---

[5] The Court recognizes that the Northern District referred to independent
creation as an affirmative defense in Ocean Atlantic Woodland Corp. v. DRH
Cambridge Homes, Inc., 2003 WL 1720073, at *11 (N.D. Ill. 2003).  However, in
that case the plaintiff only argued that the defense lacked merit and credibility.  The
plaintiff did not argue that independent creation is not an affirmative defense as
Plaintiff does here.

excused from liability for some legal reason.  <u>See</u> <u>Reis Robotics USA, Inc.</u>,

462 F.Supp.2d at 906.  NNA's defense that Infiniti's gestures were

independently created does not admit the allegation of copying in

Isringhausen's Corrected Complaint.  Instead, arguing Infiniti's gestures

were independently created denies the allegation of copying and is an

attempt to negate an element of Isringhausen's copyright infringement

claim, *i.e.*, that Infiniti copied constituent elements of Isringhausen's

work that are original.  Therefore, NNA's twenty-first affirmative defense

is stricken with prejudice because it is not an affirmative defense.[6]

### 14.  Twenty-Second Affirmative Defense

NNA's twenty-second affirmative defense is that Isringhausen's

state causes of action are preempted by the federal Copyright Act.  In an

April 6, 2011 Order (d/e 28), this Court adopted United States

Magistrate Judge Byron Cudmore's Report and Recommendation (d/e

23) in which Judge Cudmore determined that, under the facts and

---

[6] This is not to say NNA cannot argue Infiniti's gestures were independently created.  NNA could rebut a presumption of copying based on access and substantial similarity if NNA can show that Infiniti's gestures were independently created.  <u>See</u> <u>Nielson Co. (US), LLC v. Truck Ads, LLC</u>, 2011 WL 3857122, at *18 (N.D. Ill. 2011).

circumstances alleged in the Corrected Complaint, Isringhausen's state

law claims are not preempted.  For the reasons stated in Judge Cudmore's

Report and Recommendation,  NNA's claim that Isringhausen's state law

claims are preempted fails as a matter of law.  Accordingly, NNA's

twenty-second affirmative defense is stricken.  <u>See</u> <u>Wilson v. City of</u>

<u>Chicago</u>, 900 F.Supp. 1015, 1024 (N.D. Ill. 1995) (striking affirmative

defense that failed as a matter of law).  Because the preemption ruling

was based on the facts and circumstances as alleged in the Corrected

Complaint, NNA will be given leave to replead this defense should: (1)

another amended complaint be filed and (2) the facts and circumstances

alleged in any amended complaint that are relevant to the preemption

issue differ from those facts and circumstances that were alleged in the

Corrected Complaint (d/e 13).

### 15.  Twenty-Third Affirmative Defense

NNA's twenty-third affirmative defense is that "Isringhausen's

damages are limited under 17 U.S.C. § 504(b) and (c) and 17 U.S.C. §

505.  Isringhausen is specifically not entitled to recover statutory

damages and attorneys' fees." NNA should allege some minimal facts to explain how this defense applies. <u>See</u> <u>Central Laborers' Pension, Welfare & Annuity Funds</u>, 2011 WL 4381429, at *1 (stating the party raising an affirmative defense should allege some minimal facts to explain how each such defense applies to that case). This affirmative defense is stricken with leave to replead.

## B. Isringhausen's Motion to Dismiss NNA's Claim for Attorneys' Fees and Costs in NNA's Counterclaim

In its Counterclaim, NNA asks the Court to "[a]ward Infiniti its costs and attorneys' fees in defending against Isringhausen's Complaint and asserting its Counterclaim, including without limitation those fees for which an award is proper pursuant to 15 U.S.C. § 1117(a)." Isringhausen maintains NNA's claim for fees in its Counterclaim must be dismissed pursuant to Rule 12(b)(6).

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  That statement must

be sufficient to provide the defendant with "fair notice" of the claim and

its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008);

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This means

that (1) "the complaint must describe the claim in sufficient detail to give

the defendant 'fair notice of what the . . . claim is and the grounds upon

which it rests" and (2) its allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a "speculative

level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th

Cir. 2007).  While detailed factual allegations are not needed, a

"formulaic recitation of a cause of action's elements will not do."

Twombly, 550 U.S. at 555.  Conclusory allegations are "not entitled to

be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009) (citing

Twombly, 550 U.S. at 554-55).  "In ruling on Rule 12(b)(6) motions, the

court must treat all well-pleaded allegations as true and draw all

inferences in favor of the non-moving party." In re marchFIRST Inc.,

589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

As stated, NNA's Counterclaim contains the request for attorneys' fees and costs "including without limitation those fees for which an award is proper pursuant to 15 U.S.C. § 1117(a)."  Isringhausen claims this request must be dismissed in the absence of allegations which establish NNA is entitled to such relief.  Specifically, Isringhausen maintains that § 1117(a) allows attorneys' fees to be awarded to a prevailing defendant in cases brought under the Lanham Act only in "exceptional cases" where there was an abuse of process by the plaintiff. See Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC, 626 F.3d 958, 963-64 (7th Cir. 2010) (concluding "that a case under the Lanham Act is 'exceptional,' in the sense of warranting an award of reasonable attorneys' fees to the winning party, if the losing party was the plaintiff and [the plaintiff] was guilty of abuse of process in suing"). According to Isringhausen, "[t]he claim for fees set forth in NNA's Counterclaim must be dismissed in the absence of allegations which establish NNA is entitled to such relief."

Neither party has submitted authority as to whether a complaint, or

in this case a counterclaim, must plead "exceptional circumstances" in order to request attorney fees under § 1117.  However, the court in <u>Mosolino v. Prudential Insurance Co. of America</u>, 1996 WL 19459, at *3 (N.D. Ill. 1996), addressed this issue and stated as follows:  "Section 1117 imposes no requirement that a complaint plead that the violation complained of is 'exceptional' and as a practical matter, the court fails to see what purpose such requirement would serve."  The court then denied the request to dismiss the prayer for attorney fees.  In the absence of contrary authority submitted by the parties, this Court agrees with the <u>Mosolino</u> court.  Therefore, Isringhausen's Motion to Dismiss NNA's prayer for relief will be denied.

<u>CONCLUSION</u>

THEREFORE, the Combined Motion (d/e 39) is GRANTED in part and DENIED in part.

1.    The portion of the Combined Motion requesting that the Court strike NNA's Eighth, Ninth, Fourteenth, and Twentieth Affirmative Defenses is DENIED.  Those Affirmative Defenses survive.

2.    NNA's Third, Fourth, Fifth, Sixth, Tenth, Twelfth, Thirteenth,

Fifteenth, Sixteenth, Twenty-Second, and Twenty-Third

Affirmative Defenses are STRICKEN WITH LEAVE TO

REPLEAD.

3.    NNA's First, Eleventh, Nineteenth, and Twenty-First Affirmative

Defenses are STRICKEN WITH PREJUDICE.

4.    The portion of Isringhausen's Combined Motion seeking dismissal

of the request in NNA's Counterclaim for attorney's fees and costs

is DENIED.

This case is REFERRED back to Judge Cudmore for further pre-trial

proceedings.

IT IS SO ORDERED.

ENTERED: December 5, 2011.

FOR THE COURT:

_____s/ Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE